IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br>378 N. Main Avenue<br>Tucson, AZ 85701<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES,<br>200 Independence Avenue, SW<br>Washington, DC 20201<br><br>    Defendant. | Civil Action No. _____<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF<br><br>Freedom of Information Act, 5 U.S.C. s 552 |

**INTRODUCTION**

1. In this action under the Freedom of Information Act, 5 U.S.C. § 552, as amended, the Center for Biological Diversity ("the Center") seeks relief for the failure of the Defendant, the U.S. Department of Health and Human Services ("HHS"), to provide the Center with records that the Center requested nearly three months ago, as well as other FOIA violations.

2. On March 25, 2025, the Center requested records documenting the schedules and calendars of HHS Secretary Robert F. Kennedy, Jr. and his chief and deputy chiefs of staff dated between February 13, 2025 and the date of HHS's search for records – at that time, about four-and-a-half weeks of the schedules and calendars of three officials. Yet, other than assigning a tracking number for the request (2025-02043-FOIA-OS), HHS has failed to produce the requested records and a final determination that was due within 20 working days, 5 U.S.C. § 552(a)(6)(B)(i) – which was by April 23, 2025 – nor any communication indicating how it intends to proceed in responding to the Center's request.

3. A few weeks later, on April 10, 2025 the Center requested records from HHS

about development of the 2025-2030 Dietary Guidelines for Americans ("DGA"), including a 2025 scientific report underlying the DGA as well as related communications and records of meetings between federal officials and representatives, lobbyists, and associations of the beef industry and the "Make America Healthy Again Commission" ("MAHA") during the four-to-five months leading up to the release of report and DGA guidelines. Yet, as with the Center's request for a few weeks of schedules and calendars for three officials, HHS has yet to produce the records related to the DGA nor a determination or other proper response under FOIA.

4. Thus, the Center hereby seeks declaratory relief establishing that Defendant has violated FOIA, and injunctive relief ordering HHS to provide the Center with all responsive records without further delay.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

6. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

7. Declaratory relief is appropriate under 28 U.S.C. § 2201.

8. Injunctive relief is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202.

## PARTIES

9. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization with offices throughout the United States that works to protect native wildlife species and their habitats. The Center has more than 93,000 members.

10. The Center and its members are harmed by Defendant's violations of FOIA because such violations preclude the Center from gaining a full understanding of the environmental impact of HHS's priorities and agenda under the Trump administration, including but not limited to its policies regarding plant and animal agriculture as well as disease detection and prevention. Defendant's failure to comply with FOIA harms the Center's ability to obtain and to provide full, accurate and current information to the public on this matter of public interest. Absent this information, the Center cannot fully advance its mission to protect native species and their habitats.

11. These harms are caused by HHS's violations of FOIA. The relief requested by the Center will remedy the harms caused to Plaintiff and its members by HHS.

12. Defendant U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES is an executive branch agency of the U.S. government. HHS was established to enhance the health and well-being of all Americans by providing for effective health and human services and by fostering sound, sustained advances in the sciences underlying medicine, public health, and social services. As part of this mission, HHS aims to secure food safety, limit the spread of infectious diseases, and advance how Americans diagnose and treat disease. HHS is in possession and control of records responsive to the Center's FOIA request, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f) and is responsible for fulfilling the Center's FOIA request to it.

## STATUTORY BACKGROUND

13. FOIA requires agencies of the federal government to promptly release requested records to the public unless one or more specific statutory exemptions applies. 5 U.S.C. § 552.

14. FOIA places the burden on the agency to show that it may withhold responsive

records from a requester. *Id.* § 552(a)(4)(B).

15. Within 20 working days of receiving a request, an agency must determine if it will release requested records and notify the requester of its determination and the reasons therefore, the right to seek assistance from the FOIA Public Liaison, and the right to appeal an adverse agency determination. *Id.* § 552(a)(6)(A)(i). In "unusual circumstances," an agency may extend the time to make a determination by no more than 10 additional working days, but it must provide written notice to the requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected to be dispatched." *Id.* § 552(a)(6)(B)(i).

16. If the agency provides written notice that the request cannot be processed within the specified time limit, the agency shall provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request" and shall make available its FOIA Public Liaison" to "assist in the resolution of any disputes between the requester and the agency." *Id.* § 552(a)(6)(B)(ii).

17. FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate records that are responsive to the FOIA request. *Id.* § 552(a)(3)(C)–(D). Using the date of a FOIA request as the cut-off date for its search is not always reasonable, while using the date that the agency commences its search has consistently been found to be reasonable.

18. FOIA requires federal agencies to promptly disclose the requested records. *Id.* § 552(a)(3)(A), (a)(6)(C)(i).

19. In certain limited instances, records may be withheld pursuant to nine specific exemptions. *Id.* § 552(b). These exemptions must be narrowly construed in light of FOIA's

dominant objective of disclosure, not secrecy.

20. FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

## FACTUAL BACKGROUND

21. On March 25, 2025, the Center submitted to HHS a FOIA request for records ("FOIA Request 1") as follows:

> (1) From February 13, 2025 to the date HHS conducts this search, the schedules or calendars of Robert F. Kennedy, Jr. ("Secretary Kennedy"), including but not limited to travel and/or meeting schedules;
>
> (2) From the start of their employment to the date HHS conducts this search, the schedules or calendars of the Secretary Kennedy's Chief of Staff, including but not limited to travel and/or meeting schedules; and
>
> (3) From the start of their employment to the date HHS conducts this search, the schedules or calendars of the Secretary Kennedy's Deputy Chief of Staff, including but not limited to travel and/or meeting schedules.

22. On April 10, 2025, the Center submitted to HHS a FOIA request ("FOIA Request 2") for communications dated from November 14, 2024 to the date of HHS's search that mention, include, document and/or were otherwise generated in connection with:

> (1) The development of the U.S. Department of Agriculture ("USDA") 2025-2030 Dietary Guidelines for Americans ("DGA");
>
> (2) The 2025 DGAC Scientific Report and its comment period;
>
> (3) Records of communications and meetings with representatives of the beef industry, associated professional associations, and/or industry lobbyists in connection with the DGA process or Scientific Report, including the North American Meat Institute (@meatinstitute.org), National Cattlemen's Beef Association (@ncba.org), American Farm Bureau Federation (@fb.org), Animal

        Agriculture Alliance (@animalagalliance.org), McDonald's (@mcdonalds.com; @us.mcd.com); and

   (4)   Records of communications, meetings, and/or memoranda with the Make America Healthy Again ("MAHA") Commission 2 in connection with the DGA process or 2025 DGAC Scientific Report.

23. The Center's April 10, 2025 request was limited to such communications that have been sent to and/or received from the following identified officials from HHS and/or the U.S. Department of Agriculture:

<u>HHS:</u>
Secretary of Health and Human Services ("HHS") Robert F. Kennedy, Jr.;

Janet M. de Jesus, Office of Disease Prevention and Health Promotion, HHS, Designated Federal Officer for the 2025 Dietary Guidelines Advisory Committee ("DGAC"); and/or

Brandon L. Taylor, Deputy Assistant Secretary For Health, Office of Disease Prevention and Health Promotion, HHS;

<u>U.S. Department of Agriculture:</u>
Secretary of Agriculture Brooke Rollins;

Secretary of Agriculture Tom Vilsack;

Eve Stoody, Director Nutrition Guidance and Analysis Division, Center for Nutrition Policy and Promotion, Food and Nutrition Service, USDA.

24. On March 25, 2025, the Center received automated emails from HHS acknowledging FOIA Request 1 and assigning the request a tracking number, 2025-02043-FOIA-OS.

25. On April 10, 2025, the Center received automated emails from HHS acknowledging FOIA Request 2 and assigning the request a tracking number, 2025-02537-FOIA-OS.

26. On April 28, 2025, the Center asked HHS for an update on FOIA Request 1, along

6

with an estimated date of completion for a determination, as required by FOIA 5 U.S.C. § 552(a)(7)(B)(ii). To date, HHS has yet to respond to this email.

27. HHS has not provided any records to the Center in response to either request.

28. HHS has not provided a determination to the Center regarding FOIA Request 1 or FOIA Request 2 describing the scope of the records it intends to produce or withhold, explained the reasons for withholding any records, or informed the Center that it may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(A)(i) or § 552(a)(6)(B).

29. The Center is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

30. Although the statutory timeframe for responding to the Center's FOIA request has expired, HHS still has not provided Plaintiff with a substantive response to its request, nor has it provided Plaintiff with any of the requested information.

31. HHS has no lawful basis under FOIA for its delay and has provided no lawful basis to withhold the records the Center requested under FOIA Request 1 and FOIA Request 2.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### HHS Failed to Comply with FOIA's Mandatory Determination Deadline

32. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

33. The Center properly requested records within the control of HHS through its March 25, 2025, request, tracking number 2025-02043-FOIA-OS and its April 10, 2025, request, tracking number 2025-02537-FOIA-OS.

34. The Center has a statutory right to a lawful final determination from HHS on

7

Center requests 2025-02043-FOIA-OS and 2025-02537-FOIA-OS in a manner that complies with FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

35. HHS has violated the Center's rights in this regard by unlawfully delaying its determination beyond the deadline that FOIA mandates. *Id.*

36. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to HHS in the foreseeable future.

37. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, HHS will continue to violate the Center's right to a timely determination under FOIA.

38. The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. *Id.* § 552(a)(4)(E).

## SECOND CLAIM FOR RELIEF
## HHS Failed to Conduct an Adequate Search for Responsive Records

39. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

40. The Center has a statutory right to have HHS process the Center's FOIA request in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

41. HHS violated the Center's rights in this regard by unlawfully failing to conduct an adequate search that was reasonably calculated to locate all records that are responsive to the Center's FOIA request. *Id.*

42. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to HHS in the foreseeable future.

43. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, HHS will continue to violate the Center's rights to receive public records under FOIA.

44.     The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. *Id.* § 552(a)(4)(E).

## THIRD CLAIM FOR RELIEF
## HHS Failed to Promptly Disclose All Responsive Records

45.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

46.     The Center has a statutory right to the prompt disclosure of requested records. 5 U.S.C. § 552(a)(3)(A).

47.     HHS has violated the Center's rights in this regard by withholding records that are responsive to the Center's FOIA request, having provided no lawful basis to withhold the records pursuant to any of FOIA's nine exemptions to mandatory disclosure or to withhold any segregable, nonexempt portion of the records. *See id.* § 552(a)(8)(A), (b)(1)-(9).

48.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to HHS in the foreseeable future.

49.     The Center's organizational activities will be adversely affected if HHS is allowed to continue violating FOIA's disclosure provisions.

50.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, HHS will continue to violate the Center's rights to receive public records under FOIA.

51.     The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. *Id.* § 552(a)(4)(E).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1)     Declare that the Defendant violated the Freedom of Information Act by failing to

9

lawfully satisfy Plaintiff's FOIA requests, submitted on March 25, 2025, tracking number 2025-02043-FOIA-OS and on April 10, 2025, tracking number 2025-02537-FOIA-OS.

(2)     Order the Defendant to search for any and all responsive records to Plaintiff's FOIA requests, submitted on March 25, 2025, tracking number 2025-02043-FOIA-OS and on April 10, 2025, tracking number 2025-02537-FOIA-OS, using search methods reasonably likely to lead to discovery of all responsive records with the cut-off date for such search being the date the search is conducted;

(3)     Order the Defendant to produce, by a date certain, all nonexempt responsive records or segregable portions of the records and a Vaughn index of any responsive records or portions of responsive records withheld under a claim of exemption, at no cost to Plaintiff;

(4)     Enjoin the Defendant from continuing to withhold any nonexempt responsive records or segregable portions of the records;

(5)     Retain jurisdiction of this action to ensure the processing of Plaintiff's FOIA requests and that no agency records or portions of the records are improperly withheld;

(6)     Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412; and

(7)     Grant such other and further relief as the Court may deem just and proper.

DATED:     May 23, 2025              Respectfully submitted,

*/s/ Amy R. Atwood Greenwald*
Amy R. Atwood Greenwald (D.C. Bar No. 470258)
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211-0374
(971) 717-6401
atwood@biologicaldiversity.org

*Attorney for Plaintiff*