UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　Defendant. | Civil Action No. 25-1662 (JMC) |

## ANSWER

Defendant U.S. Department of Health and Human Services ("Defendant"), by and through undersigned counsel, respectfully responds to Plaintiff's Complaint alleging violations of the Freedom of Information Act ("FOIA") (ECF No. 1).

### RESPONSES TO NUMBERED PARAGRAPHS OF THE COMPLAINT

Defendant denies all allegations in the Complaint, including the relief sought, except as specifically admitted in this Answer. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's responses are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant responds to the separately numbered paragraphs and prayer for relief in the Complaint as follows.

# INTRODUCTION[1]

1. Paragraph 1 contains Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendant admits only that Plaintiff purports to bring this lawsuit pursuant to the FOIA.

2. Paragraph 2 contains Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendant admits that it received a FOIA request from Plaintiff dated March 25, 2025, and as of the date of the Complaint it had not made a final determination pertaining to the FOIA request at issue.

3. Paragraph 3 contains Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendant admits that it received a FOIA request from Plaintiff dated April 10, 2025, and that, as of the date of the Complaint, it had not made a final determination pertaining to the FOIA request at issue.

4. Paragraph 4 contains Plaintiff's characterization of this action, to which no response is required.

## JURISDICTION AND VENUE

5. Paragraph 5 contains conclusions of law regarding jurisdiction to which no response is required. To the extent a response is deemed required, Defendant admits that this Court has jurisdiction over this action, subject to the terms and limitations of FOIA.

6. Paragraph 6 contains conclusions of law regarding venue to which no response is required. To the extent a response is deemed required, Defendant admits that venue is proper in this district for a properly stated FOIA claim.

---

[1] For ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that responses to headings in the Complaint are not required, to the extent a response is deemed required and to the extent the headings or subheadings contained in the Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

7. Paragraph 7 contains conclusions of law regarding declaratory relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any declaratory relief whatsoever.

8. Paragraph 8 contains conclusions of law regarding injunctive relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any injunctive relief whatsoever.

**PARTIES**

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9.

10. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

11. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

12. Defendant admits the first three sentences in Paragraph 12. The last sentence in Paragraph 12 contains a legal conclusion to which no response is required.

### STATUTORY BACKGROUND

13. Paragraph 13 contains conclusions of law to which no response is required.

14. Paragraph 14 contains conclusions of law to which no response is required.

15. Paragraph 15 contains conclusions of law to which no response is required.

16. Paragraph 16 contains conclusions of law to which no response is required.

17. Paragraph 17 contains conclusions of law to which no response is required.

18. Paragraph 18 contains conclusions of law to which no response is required.

19. Paragraph 19 contains conclusions of law to which no response is required.

20. Paragraph 20 contains conclusions of law to which no response is required.

### FACTUAL BACKGROUND

21. Defendant admits that it received a FOIA request from Plaintiff dated March 25, 2025. Defendant respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

22. Defendant admits that it received a FOIA request from Plaintiff dated April 10, 2025. Defendant respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

23. Defendant admits that it received a FOIA request from Plaintiff dated April 10, 2025. Defendant respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

24. Defendant admits that on or about March 25, 2025, it acknowledged Plaintiff's first request by email. Defendant respectfully refers the Court to a copy of that email for a complete

and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

25. Defendant admits that on or about April 10, 2025, it acknowledged Plaintiff's second request by email. Defendant respectfully refers the Court to a copy of that email for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

26. Defendant denies the allegations contained in Paragraph 26.

27. Defendant admits that as of the date of the Complaint it had not produced any documents responsive to either of Plaintiff's requests.

28. Defendant admits that as of the date of the Complaint it had not made a final determination pertaining to the FOIA requests at issue.

29. Paragraph 29 contains conclusions of law to which no response is required.

30. Defendant admits only that as of the date of the Complaint it had not produced any documents responsive to either of Plaintiff's requests.

31. Paragraph 31 contains conclusions of law to which no response is required.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### HHS Failed to Comply with FOIA's Mandatory Determination Deadline

32. Defendant incorporates by reference its responses to Paragraphs 1 through 31 as if fully restated herein.

33. Paragraph 33 contains conclusion of law to which no response is required.

34. Paragraph 34 contains conclusions of law to which no response is required.

35. Paragraph 35 contains conclusions of law to which no response is required.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies.

37. Paragraph 37 contains conclusions of law to which no response is required.

38. Paragraph 38 contains conclusions of law to which no response is required.

## SECOND CLAIM FOR RELIEF
## HHS Failed to Conduct an Adequate Search for Responsive Records

39. Defendant incorporates by reference its responses to Paragraphs 1 through 38 as if fully restated herein.

40. Paragraph 40 contains conclusions of law to which no response is required.

41. Paragraph 41 contains conclusions of law to which no response is required.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies.

43. Paragraph 43 contains conclusions of law to which no response is required.

44. Paragraph 44 contains conclusions of law to which no response is required.

## THIRD CLAIM FOR RELIEF
## HHS Failed to Promptly Disclose All Responsive Records

45. Defendant incorporates by reference its responses to Paragraphs 1 through 44 as if fully stated herein.

46. Paragraph 46 contains conclusions of law to which no response is required.

47. Paragraph 47 contains conclusions of law to which no response is required.

48. Defendant lacks knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies.

49. Paragraph 49 contains conclusions of law to which no response is required.

50. Paragraph 50 contains conclusions of law to which no response is required.

51. Paragraph 51 contains conclusions of law to which no response is required.

## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiff's prayer for relief to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested in these paragraphs or elsewhere in the Complaint, and denies that Plaintiff is entitled to any relief whatsoever.

## DEFENSES

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of the litigation.

## FIRST DEFENSE

The Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized under FOIA, 5 U.S.C. § 552.

## SECOND DEFENSE

Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions or exclusions enumerated in the FOIA, 5 U.S.C. § 552(b), or the Privacy Act, 5 U.S.C. § 552a.

## THIRD DEFENSE

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

## FOURTH DEFENSE

Plaintiff is neither eligible for nor entitled to an award of attorneys' fees or costs in this action.

**FIFTH DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").


Dated: July 2, 2025                                   Respectfully submitted,

                                                      JEANINE FERRIS PIRRO
                                                      United States Attorney


                                          By:    /s/ *Kaitlin K. Eckrote*
                                                 KAITLIN K. ECKROTE, D.C. Bar #1670899
                                                 Assistant U.S. Attorney
                                                 601 D Street, N.W.
                                                 Washington, D.C. 20530
                                                 (202) 252-2485

                                                 *Counsel for the United States of America*